# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE REYMUNDO LEAL, | Case No. 1:19-cv-01267-LJO-SAB |
| Plaintiff, | ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT |
| v. | (ECF No. 1) |
| MALIA VANG, et al., | THIRTY DAY DEADLINE |
| Defendants. | |

Jose Reymundo Leal ("Plaintiff"), a pretrial detainee proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed September 11, 2019.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## DISCUSSION

Plaintiff brings this action seeking damages for his girlfriends emotional distress and injunctive relief to gain custody of her child. For the reasons discussed below, Plaintiff has failed to state a cognizable claim. The Court shall provide Plaintiff with the opportunity to file an amended complaint and provides that legal standards that appear to apply to his claims.

**A.     Section 1983**

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long, 442 F.3d at

1185. There is no *respondeat superior* liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. Therefore, to state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Here, Plaintiff brings his claims against an unidentified supervisory Child Protective Services Officer. "Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of *vicarious liability*." Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (citation and internal quotation marks omitted); Iqbal, 556 U.S. at 676. "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Crowley, 734 F.3d at 977 (citation and internal quotation marks omitted). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Id.

Plaintiff's complaint does not contain any factual allegations that the supervisory Child Protective Services worker personally participated in removing the child or that the child was removed due to a policy that violated his constitutional rights. Plaintiff has failed to state a claim against the unidentified supervisory employee.

Similarly, Plaintiff brings this action against Malia Vang, a social worker. However, the complaint is devoid of allegations as to Ms. Vang. To state a claim, Plaintiff must link each named to defendant to some act or failure to act that violated his federal rights. Plaintiff has failed to state a cognizable claim in this action.

Plaintiff brings his claims alleging violation of the Fifth Amendment. Plaintiff states that he is seeking to get his child back. "A parent's desire for and right to 'the companionship, care, custody and management of his or her children' is an important interest that 'undeniably warrants deference and, absent a powerful countervailing interest, protection.'" Lassiter v. Dep't of Soc. Servs. of Durham Cty., N. C., 452 U.S. 18, 27 (1981) (quoting Stanley v. Illinois, 405

U.S. 645, 651 (1972)); accord Kelson v. City of Springfield, 767 F.2d 651, 655 (9th Cir. 1985). "[F]reedom of personal choice in matters of family life is a fundamental liberty interest protected by the Fourteenth Amendment." Santosky v. Kramer, 455 U.S. 745, 753 (1982). The Supreme Court held long ago that an unwed father's interest in having custody of his children is cognizable and substantial. Stanley, 405 U.S. at 652. The Fourteenth Amendment guarantees "that parents and children will not be separated by the state without due process of law except in an emergency." Kirkpatrick v. Cty. of Washoe, 843 F.3d 784, 789 (9th Cir. 2016) (quoting Wallis v. Spencer, 202 F.3d 1126, 1136 (9th Cir. 1999)).

Here, Plaintiff alleges that this newborn child was removed from the custody of his girlfriend due to Plaintiff and his girlfriend's history of substance abuse although there were no drugs in the baby's system at birth. However, Plaintiff's complaint is devoid of any factual allegations regarding the manner of removal of the child from the mother, such as whether the child was removed without a warrant. Plaintiff's complaint does not contain any factual allegations by which the Court could reasonably infer that in removing the child from her mother, Plaintiff's rights to due process were violated. Further, "[w]hen an unwed father demonstrates a full commitment to the responsibilities of parenthood by coming forward to participate in the rearing of his child," "his interest in personal contact with his child acquires substantial protection under the due process clause." Kirkpatrick, 843 F.3d at 789. However, in this instance, Plaintiff is incarcerated and there are no allegations regarding whether he was out of custody at the time that the child was born and removed such that the Court can infer that his interest is deserving of substantial protection under the due process clause. In other words, the mere allegation that Plaintiff is the father of a healthy baby that was removed by Child Protective Services due to the history of drug abuse by the parents is insufficient to state a cognizable claim for violation of the Due Process Clause.

**B.     Third Party Rights**

Plaintiff seeks damages for his girlfriend's physical and mental pain due to the removal of her newborn baby by social workers. "[C]onstitutional rights are personal and may not be asserted vicariously." Broadrick v. Oklahoma, 413 U.S. 601, 610 (1973); Johns v. Cty. of San

1  Diego, 114 F.3d 874, 876 (9th Cir. 1997). The general rule is that "one may not claim standing . . . to vindicate the constitutional rights of some third party." Singleton v. Wulff, 428 U.S. 106, 114, (1976) (quoting Barrows v. Jackson, 346 U.S. 249, 255 (1953)); Sessions v. Morales-Santana, 137 S. Ct. 1678, 1689 (2017); see also Fleck & Assocs., Inc. v. Phoenix, City of, an Arizona Mun. Corp., 471 F.3d 1100, 1104 (9th Cir. 2006) (quoting Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 804 (1985) ("a litigant must normally assert his own legal interests rather than those of third parties."). An exception to this prudential standing requirement exists where a plaintiff can demonstrate (1) he has suffered an injury-in-fact that gives him sufficiently concrete interest in the outcome of the issue in dispute, (2) a sufficiently close relationship with the third party, and (3) there is a hinderance to the third parties ability to assert their own rights. Powers v. Ohio, 499 U.S. 400, 410–11 (1991); Morales-Santana, 173 S. Ct. at 1689; E. Bay Sanctuary Covenant v. Trump, 932 F.3d 742, 764 (9th Cir. 2018).

Plaintiff contends that his girlfriend suffered emotional distress and depression when she was denied the right to breastfeed her own child and was not provided with a breast pump when she was released from the hospital. Plaintiff does not have standing to assert the constitutional rights of his girlfriend.

### III.

### CONCLUSION AND ORDER

For the reasons discussed, Plaintiff has failed to state a cognizable claim for a violation of his constitutional rights. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of the Court is directed to send Plaintiff a prisoner civil rights claim form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and
3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: **September 13, 2019**

UNITED STATES MAGISTRATE JUDGE