# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JOSE REYMUNDO LEAL, | Case No. 1:19-cv-01267-LJO-SAB |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND |
| v. | |
| MALIA VANG, et al., | (ECF No. 5) |
| Defendants. | THIRTY DAY DEADLINE |

Jose Reymundo Leal ("Plaintiff"), a pretrial detainee proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's first amended complaint, filed September 26, 2019.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## ALLEGATIONS IN FIRST AMENDED COMPLAINT

Plaintiff and his girlfriend had a baby who was born with no drugs in her system. His girlfriend was not allowed to keep the baby in her room nor was she allowed to breastfeed the baby or given a breast pump causing her to have swelling of her breasts and severe pain. The baby was kept in another part of the hospital and they were only allowed limited time to see her. Plaintiff was told that they would not be able to take their child when she was released from the hospital. Malia Vang had a court hearing without Plaintiff or his girlfriend being present and used their past drug history to take the baby away.

Plaintiff brings this action against Malia Vang seeking monetary relief and to have his baby returned to him and his girlfriend.

///

# III.

# DISCUSSION

## A. Due Process

Parents have a constitutionally protected liberty interest in the care and custody of their children. Santosky v. Kramer, 455 U.S. 745, 753 (1982). "A parent's desire for and right to 'the companionship, care, custody and management of his or her children' is an important interest that 'undeniably warrants deference and, absent a powerful countervailing interest, protection.'" Lassiter v. Dep't of Soc. Servs. of Durham Cty., N. C., 452 U.S. 18, 27 (1981) (quoting Stanley v. Illinois, 405 U.S. 645, 651 (1972)); accord Kelson v. City of Springfield, 767 F.2d 651, 655 (9th Cir. 1985). Further, the Supreme Court held long ago that an unwed father's interest in having custody of his children is cognizable and substantial. Stanley, 405 U.S. at 652.

"While a constitutional liberty interest in the maintenance of the familial relationship exists, this right is not absolute. The interest of the parents must be balanced against the interests of the state and, when conflicting, against the interests of the children." Woodrum v. Woodward Cty., Okl., 866 F.2d 1121, 1125 (9th Cir. 1989). The right to familial association has both a substantive and a procedural component. Keates v. Koile, 883 F.3d 1228, 1236 (9th Cir. 2018) "While the right is a fundamental liberty interest, officials may interfere with the right if they "provide the parents with fundamentally fair procedures[.]" Keates, 883 F.3d at 1236 (internal citations omitted); see also Kirkpatrick v. Cty. of Washoe, 843 F.3d 784, 789 (9th Cir. 2016) (quoting Wallis v. Spencer, 202 F.3d 1126, 1136 (9th Cir. 1999)) (The Fourteenth Amendment guarantees "that parents and children will not be separated by the state without due process of law except in an emergency.")

In order to state a claim under the Due Process Clause, it is not enough to allege that a state actor interfered with the familial relationship. Woodrum, 866 F.2d at 1125. "Officials may not remove children from their parents without a court order unless they have 'information at the time of the seizure that establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury.'" Keates, 883 F.3d at 1236 (quoting Rogers v. County of San Joaquin, 487 F.3d 1288, 1294 (9th Cir. 2007)); see also Caldwell v. LeFaver, 928 F.2d 331, 333

(9th Cir. 1991) (a state agency may remove children from their parents' custody in an emergency situation if the children are subject to immediate or apparent danger or harm.).

Here, Plaintiff alleges that this newborn child was removed from the custody of his girlfriend due to Plaintiff and his girlfriend's history of substance abuse, although there were no drugs in the baby's system at birth. The complaint alleges however that Ms. Vang had a court hearing without the parents present, from which it would appear that she received a court order prior to the removal of the child. Since the facts in the complaint reasonably allege that a court ordered the removal of the child, the Court finds that Plaintiff has not alleged facts from which it can reasonably be inferred that Ms. Vang violated Plaintiff's familial rights by unlawfully removing his daughter after she was born.

**B.     Third Party Rights**

Plaintiff attempts to assert the rights of his girlfriend due to the removal of her newborn baby by social workers. "[C]onstitutional rights are personal and may not be asserted vicariously." Broadrick v. Oklahoma, 413 U.S. 601, 610 (1973); Johns v. Cty. of San Diego, 114 F.3d 874, 876 (9th Cir. 1997). The general rule is that "one may not claim standing . . . to vindicate the constitutional rights of some third party." Singleton v. Wulff, 428 U.S. 106, 114, (1976) (quoting Barrows v. Jackson, 346 U.S. 249, 255 (1953)); Sessions v. Morales-Santana, 137 S. Ct. 1678, 1689 (2017); see also Fleck & Assocs., Inc. v. Phoenix, City of, an Arizona Mun. Corp., 471 F.3d 1100, 1104 (9th Cir. 2006) (quoting Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 804 (1985) ("a litigant must normally assert his own legal interests rather than those of third parties."). An exception to this prudential standing requirement exists where a plaintiff can demonstrate (1) he has suffered an injury-in-fact that gives him sufficiently concrete interest in the outcome of the issue in dispute, (2) a sufficiently close relationship with the third party, and (3) there is a hinderance to the third parties ability to assert their own rights. Powers v. Ohio, 499 U.S. 400, 410–11 (1991); Morales-Santana, 173 S. Ct. at 1689; E. Bay Sanctuary Covenant v. Trump, 932 F.3d 742, 764 (9th Cir. 2018).

Plaintiff again complains that his girlfriend was denied the right to breastfeed her own child and was not provided with a breast pump causing her to have severe breast swelling and

pain. Plaintiff does not have standing to assert the constitutional rights of his girlfriend. Plaintiff cannot bring this action seeking any relief on behalf of the child's mother.

### C. Request for Assistance

Plaintiff requests assistance with filling out and filing forms. Any award of equitable relief in this action is governed by the Prison Litigation Reform Act ("PLRA"), which provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Thus, the federal court's jurisdiction is limited in nature and its power to issue equitable orders may not go beyond what is necessary to correct the underlying constitutional violations which form the actual case or controversy. 18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009); City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).

This court does not have the jurisdiction to order the jail to provide Plaintiff with assistance in this action nor would such relief correct the violations alleged. Accordingly, Plaintiff's request for assistance filing out and filling forms is denied.

### III.

### CONCLUSION AND ORDER

For the reasons discussed, Plaintiff has failed to state a cognizable claim for a violation of his constitutional rights. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for denial of due process in violation of the Fourteenth Amendment, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment

would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's first amended complaint, filed September 26, 2019, be DISMISSED WITHOUT LEAVE TO AMEND; and

2. This action be closed.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __September 30, 2019__

_____
UNITED STATES MAGISTRATE JUDGE